IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TABATHA WHITE, | ) | |
| | ) | |
| Petitioner | ) | No. 3:06-0428 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| JEWEL STEELE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

*[handwritten annotation: DENIED. On appeal to the Sixth Circuit. Order this motion is DENIED as moot. (signature) 9-8-14]*

**PETITIONER'S MOTION FOR RELEASE PENDING APPEAL**

Once a United States District Court grants a petition for writ of habeas corpus, Federal Rule of Appellate Procedure "23(c) undoubtedly creates a presumption of release" pending appeal. Hilton v. Braunskill, 481 U.S. 770, 774 (1987). See White v. Steele, R. 40, p. 2. "There is a presumption of release pending appeal where a petitioner has been granted habeas relief." O'Brien v. O'Laughlin, 557 U.S. 1301, 1302 (2009)(Breyer, J.).

This presumption, however, "can be overcome if the traditional factors regulating the issuance of a stay weigh in favor of granting a stay." O'Brien, 557 U.S. at 1302; Hilton, 481 U.S. at 776. Those factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." Hilton, 481 U.S. at 777, *quoted in* White v. Steele, R. 40, p. 2 (denying stay and ordering release).

Given the presumption that Ms. White should be released, and given that the stay equities weigh against Respondent, this Court should order Ms. White released pending appeal – especially where: (1) she has already served more than a decade on an unconstitutional conviction; (2) in 2008-09, she proved she poses no risk of flight nor harm to anyone; and (3) her case presents not one, but two, valid grounds for habeas relief. This